**TARTER KRINSKY & DROGIN LLP**
*Substitute Special Litigation Counsel to*
*Robert L. Geltzer, Chapter 7 Trustee*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Robert A. Wolf, Esq.
rwolf@tarterkrinsky.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
**In re**

|  |  |
|---|---|
|  | **Chapter 7** |
| **CONTINUITYX, INC., et al.,** | |
|  | **Case No. 13-10458 (REG)** |
| Debtors.[1] | **Jointly Administered** |

-----------------------------------------------------------X

| | |
|---|---|
| **ROBERT L. GELTZER, as CHAPTER 7 TRUSTEE of CONTINUITYX, INC., CONTINUITYX SOLUTIONS and METAMORA CLOUD SERVICES, INC.,** | **Adv. Pro. No. 15- _____ (REG)** |
| **Plaintiff,** | |
| -against- | |
| **GREENWAVE CONCEPTS LLC,** | |
| **Defendant.** | |

-----------------------------------------------------------X

## COMPLAINT

Robert L. Geltzer, as Chapter 7 trustee (the "**Plaintiff**" or "**Trustee**") of

ContinuityX, Inc. ("**ContinuityX**"), ContinuityX Solutions ("**Solutions**") and Metamora

Cloud Services, Inc. (collectively, the "**Debtors**"), by and through the Trustee's substitute

---

[1] The other Debtors in these jointly administered cases are ContinuityX Solutions, Inc. (Case No. 13-10455 (REG)) and Metamora Cloud Services, Inc. (Case No. 13-10459 (REG)).

special litigation counsel, Tarter Krinsky & Drogin LLP, brings this Complaint against

defendant Greenwave Concepts LLC ("**Defendant**"), and respectfully alleges as follows:

### NATURE OF THE ACTION

1.      This is an adversary proceeding brought by the Trustee to avoid and recover

fraudulent transfers pursuant to 11 U.S.C. §§ 548 and 550 made by debtors ContinuityX and

Solutions to Defendant, plus applicable interest thereon, and to disallow claims pursuant to

11 U.S.C. § 502(d), together with any related relief.

### THE PARTIES

2.      The Trustee is a resident of the State of New York and is a licensed attorney

maintaining an office at 1556 Third Avenue, Suite 505, New York, New York 10128.

3.      Upon information and belief, at all relevant times, defendant Greenwave

Concepts LLC was and is a Texas limited liability company, with a business address of 3523

McKinney Avenue, Suite 511, Dallas, Texas 75204.

### JURISDICTION AND VENUE

4.      The United States District Court for the Southern District of New York (the

"**District Court**") has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334.

By virtue of 28 U.S.C. § 157(a) and the Amended Standing Order of Reference dated

January 31, 2012 of Chief Judge Loretta A. Preska of the District Court, this proceeding is

automatically referred to the United States Bankruptcy Court for the Southern District of

New York (the "**Court**").

5.      This adversary proceeding is a core proceeding under, among other things, 28

U.S.C. § 157(b)(2)(A), (F) and (H). Since this is a core proceeding, the Bankruptcy Court has

jurisdiction and power under 28 U.S.C. § 157(b) to hear and determine this adversary

proceeding. The Trustee consents to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties herein, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

6.      This adversary proceeding is commenced pursuant to the United States Bankruptcy Code (the "**Bankruptcy Code**") §§ 502, 548, 550, the general equity powers of the Bankruptcy Court, and is also commenced pursuant to Rules 6009, 7001 and 7008 of the Federal Rules of Bankruptcy Procedure to recover money or property of the estates.

## FACTS

### General

7.      Upon information and belief, at all relevant times, the Debtors' liabilities exceeded their assets.

8.      Upon information and belief, at all relevant times, the Debtors were unable to pay their obligations as they became due.

9.      On February 14, 2013 (the "**Petition Date**"), the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On May 3, 2013, this Court entered an order authorizing the joint administration of the Debtors' cases.

10.      On or about February 14, 2013, the Trustee was appointed interim Trustee of the Debtors, and was subsequently designated as the permanent Trustee pursuant to an order of this Court entered on June 28, 2013.

## Background

11.     The Debtors were providers of managed networking, data center, applications, computer cloud and disaster recovery services.   Solutions was the parent corporation of debtors ContinuityX and Metamora.

12.     At all times relevant hereto, upon information and belief, David Godwin was the Chief Executive Officer and a member of the Boards of Directors of the Debtors.

13.     On February 6, 2013, the Board of Directors of the debtor Solutions removed David Godwin for cause from his position as a director of Solutions.

14.     The vote to remove Mr. Godwin was based upon a determination that Godwin had committed various acts of malfeasance in connection with the business operations of the Debtors, including the alleged forgery of numerous purported purchase orders from customers, and the alleged fabrications of Debtors' invoices for such fictitious orders.

15.     Pursuant to a review of the Debtors' books and records that were turned over to the Trustee, and those documents produced by JPMorganChase pursuant to an order entered by the Court on September 16, 2013, among other things, it appears that ContinuityX and Solutions caused numerous significant transfers of monies from their bank accounts to, or for the benefit of, the Defendant, without any adequate consideration received in exchange.   Upon information and belief, the transfers were made to Defendant based on (i) fabricated invoices and/or commissions to which Defendant was not entitled, and/or (ii) advance payments made to AT & T on behalf of the Defendant.

16.     The Trustee has thus far identified no less than $84,250.10 worth of such transfers (the "**Transfers**") made to and/or for the benefit of the Defendant from

ContinuityX and Solutions from February 3, 2012 through March 1, 2012. A non-exclusive

listing of such transfers has been set forth below, as follows:

| DATE | CHECK NO./WIRE | AMOUNT |
|------|----------------|--------|
| 02/03/12 | Cashier Check | $   30,063.00 |
| 02/28/12 | Cashier Check | $   48,887.10 |
| 03/01/12 | Cashier Check | $    5,300.00 |
| | | |
| **TOTAL** | | **$   84,250.10** |

18.    The Trustee reserves the right to supplement the foregoing listing and

supplement and/or amend this Complaint as necessary or appropriate to assert any other

claims against the Defendant that the Trustee may discover during the course of this

proceeding.

19.    Furthermore, Davis, Graber, Plotzker & Ward, LLP, the accountant retained

by the Trustee pursuant to an Order of this Court, has reviewed the Debtors' books and

records, and has determined that as of the dates the Transfers were made, ContinuityX and

Solutions were insolvent, in that, among other things, their liabilities exceeded their assets.

## COUNT ONE

### FOR AVOIDANCE AND RECOVERY OF THE TRANSFERS
### PURSUANT TO 11 U.S.C. § 548(a)(1)(A) AND § 550(a)

20.    The Trustee realleges and incorporates each of the above allegations as if fully

set forth herein.

21.    Under section 548(a)(1)(A) of the Bankruptcy Code, a transfer is avoidable if

such transfer was made with actual intent to hinder, delay or defraud any entity to which the

debtor(s) were or became indebted, on or after the date that such transfer was made or such

obligation was incurred.

22.     Upon information and belief, the Transfers made by ContinuityX and Solutions to Defendant was made with actual intent to hinder, delay and defraud ContinuityX' and Solutions' creditors to which they were indebted or became indebted on or after the dates that each of the Transfers were made.

23.     Accordingly, pursuant to sections 548(a)(1)(A) and 550(a)(1) of the Bankruptcy Code, the Trustee is entitled to avoid the Transfers, and concomitantly, to recover for the benefit of the estate, the value of the Transfers in an amount to be determined at trial, but in no event less than $84,250.10, as well as any additional avoidable amounts uncovered during discovery that were made to the Defendant, or made on behalf of the Defendant, plus interest thereon, and reasonable attorneys' fees.

## COUNT TWO

### FOR AVOIDANCE AND RECOVERY OF THE TRANSFERS
### PURSUANT TO 11 U.S.C. §§ 548(a)(1)(B) AND 550(a)(1)

24.     The Trustee realleges and incorporates each of the above allegations as if fully set forth herein.

25.     The Transfers are avoidable pursuant to section 548(a)(1)(B) in that they were made by ContinuityX and Solutions to and/or for the benefit of Defendant, and ContinuityX and Solutions: (a) received less than reasonably equivalent value in exchange for the Transfers; (b) were insolvent on the dates that the Transfers were made, or were insolvent as a result of the Transfers; and (c) intended to incur, or believed that they would incur, debts that would be beyond their ability to pay as such debts matured.

26.     Accordingly, pursuant to sections 548(a)(1)(B) and 550(a)(1) of the Bankruptcy Code, the Trustee is entitled to avoid the Transfers, and concomitantly, to

recover for the benefit of the estate, the value of the Transfers in an amount to be determined at trial, but in no event less than $84,250.10, as well as any additional avoidable amounts uncovered during discovery that were made to the Defendant, or made on behalf of the Defendant, plus interest thereon, and reasonable attorneys' fees.

**COUNT THREE**

**TO DISALLOW CLAIMS UNDER 11 U.S.C. § 502(d)**

27.     The Trustee realleges and incorporates each of the above allegations as if fully set forth herein.

28.     To the extent that any of the Transfers are avoided under section 548 and therefore recoverable under section 550 of the Bankruptcy Code, any claim or claims asserted against ContinuityX and Solutions by the Defendant are subject to mandatory disallowance pursuant to section 502(d) of the Bankruptcy Code, unless and until the amount(s) of the avoided Transfer(s) are turned over to ContinuityX and Solutions' estates.


**WHEREFORE,** Plaintiff respectfully requests entry of judgment for the Trustee and against the Defendant, as follows:

(a)     On Count One, a determination that the Transfers constituted fraudulent transfers subjection to avoidance under section 548(a)(1)(A) of the Bankruptcy Code, and judgment for the recovery of such transfers from Defendant, in an amount to be determined at trial, but in no event less than $84,250.10, as well as any additional avoidable amounts uncovered during discovery that were made to the Defendant, or made on behalf of the Defendant, plus interest thereon, under section

550(a)(1) of the Bankruptcy Code, and directing that a constructive trust be imposed on Defendant's assets, including any and all bank accounts, to prevent transfers therefrom in the foregoing amounts;

(b)     On Count Two, a determination that the Transfers constituted constructively fraudulent transfers subject to avoidance under section 548(a)(1)(B) of the Bankruptcy Code, and judgment for recovery, in an amount to be determined at trial, but in no event less than $84,250.10, as well as any additional avoidable amounts uncovered during discovery that were made to the Defendant, or made on behalf of the Defendant, plus interest thereon, under section 550(a)(1) of the Bankruptcy Code, and directing that a constructive trust be imposed on Defendant's assets, including any and all bank accounts, to prevent transfers therefrom in the foregoing amounts;

(c)     On Count Three, a determination that to the extent that any transfers made by ContinuityX and Solutions to the Defendant are avoidable under section 548 of the Bankruptcy Code and therefore recoverable under 550 of the Bankruptcy Code, any claim or claims of the Defendant asserted against ContinuityX and Solutions or their estates are subject to mandatory disallowance pursuant to section 502(d) of the Bankruptcy Code, unless and until the amounts all of such Transfers are paid to the Trustee;

(d)     Awarding attorneys' fees and costs; and

(e)    For such other and further relief as this Court deems just and equitable.

Dated:  New York, New York
        February 12, 2015

TARTER KRINSKY & DROGIN LLP
*Substitute Special Litigation Counsel to the Chapter 7 Trustee*

By: */s/ Robert A. Wolf*
Robert A. Wolf, Esq.
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
rwolf@tarterkrinsky.com